**In re UNITED STATES of America, Petitioner.**

**No. 90–3854.**

United States Court of Appeals, Eleventh Circuit.

Oct. 30, 1990.

Andrew Grosso, Lewis Morris, Asst. U.S. Attys., Tampa, Fla., for U.S.

Judge William J. Castagna, U.S. District Judge, D. Frank Winkles, Tampa, Fla., Lee Fugate, James W. Dodson, Clearwater, Fla., for appellee.

Before TJOFLAT, Chief Judge, HATCHETT and ANDERSON, Circuit Judges.

HATCHETT, Circuit Judge:

The government's petition for writ of mandamus requires that we rule on the scope of discovery provided to a corporate defendant in a criminal case pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A). We deny the petition.

FACTS AND PROCEDURAL HISTORY

On February 28, 1990, a federal grand jury in the Middle District of Florida, returned a nine-count indictment charging the Professional Foundation for Health Care, Inc. (the Foundation) with conspiracy to defraud the United States Department of Health and Human Services. On March 23, 1990, the Foundation filed a motion to compel production of oral and grand jury statements of its employees. On July 14, 1990, a United States Magistrate issued an order which required the government to disclose to the Foundation both grand jury statements and oral statements made by the Foundation's employees to government agents where the government intended to introduce these statements at trial, and "where the declarant (1) was at the time the statement was made so situated as an officer or employee as to have been able legally to bind the defendant in respect to

the conduct constituting the offense or (2) was, at the time of the offense, personally involved in the alleged conduct constituting the offense and so situated as an officer or employee as to have been able legally to bind the defendant in respect to the conduct in which he was involved."

The government filed a motion for reconsideration with the district court asking it to vacate the magistrate's order. The district court denied the government's motion for reconsideration. The government then petitioned this court for a writ of mandamus directing the district court to vacate the magistrate's discovery order.

## CONTENTIONS

The government contends that the only statements discoverable by a corporate defendant under Federal Rule of Criminal Procedure 16(a)(1)(A) are those made by certain employees or officers before the grand jury.

The Foundation contends that the legislative history and plain language of Rule 16(a)(1)(A) provides for discovery of the statements of employees of a corporate defendant to the same extent as an individual defendant.

## ISSUE

The issue is: whether under Federal Rule of Criminal Procedure 16(a)(1)(A) a corporate defendant is entitled to the same discovery as an individual defendant regarding statements other than those made before a grand jury.

## DISCUSSION

Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure provides:

Upon request of a defendant the government shall permit the defendant to inspect and copy or photograph: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged. Where the defendant is a corporation, partnership, association or labor union, the court may grant the defendant, upon its motion, discovery of relevant recorded testimony of any witness before a grand jury who (1) was, at the time of that testimony, so situated as an officer or employee as to have been able legally to bind the defendant in respect to conduct constituting the offense, or (2) was, at the time of the offense, personally involved in the alleged conduct constituting the offense and so situated as an officer or employee as to have been able legally to bind the defendant in respect to that alleged conduct in which the witness was involved.

18 U.S.C.A. (West Supp.1990).

The first sentence of Rule 16(a)(1)(A) requires that certain disclosures be made to a defendant upon request. The rule does not by its terms define "defendant" as a natural person. The government, however, argues that the second sentence of the rule is the only basis for disclosing statements to a corporate defendant. According to the government, to read the rule in any other fashion would render the second sentence of the rule superfluous.

Contrary of the government's claim, the second sentence of Rule 16(a)(1)(A) is a congressional attempt to treat the corporate defendant in the same manner as an individual defendant, rather than an attempt to make a distinction between corporate and individual defendants for purposes of delineating the scope of discovery rights. Under Rule 16(a)(1)(A), individual defendants are entitled to discovery of their own grand jury testimony which relates to the offense charged, because "[t]he traditional rationale behind grand jury secrecy—protection of witnesses—does not apply when

the accused seeks discovery of his own testimony. *Cf. Dennis v. United States*, 384 U.S. 855 [86 S.Ct. 1840, 16 L.Ed.2d 973] (1966)." Fed.R.Crim.P. 16 advisory committee's note, 18 U.S.C.A. (West 1986). Prior to the 1974 amendment of Rule 16, which added the reference to legal entities as defendants, the Fifth Circuit had held that corporate defendants could discover the grand jury testimony of all present and former officers and employees regarding matters within the scope of their employment. *United States v. Hughes*, 413 F.2d 1244, 1253 (5th Cir.1969), *vacated as moot*, 397 U.S. 93, 90 S.Ct. 817, 25 L.Ed.2d 77 (1970).

The drafters of Rule 16(a)(1)(A) were concerned that corporate defendants should not be entitled to grand jury testimony of former employees in every instance. Senator McClellan of Arkansas, for example, expressed concern that corporate defendants might apply pressure against former employees who remained in the same industry and who would be vulnerable to intimidation. 121 Cong.Rec. S12765 (daily ed. July 17, 1975). The Department of Justice took the position that statements and grand jury testimony of corporate defendants "should be discoverable under Rule 16 only to the extent that such statements and testimony may be equated with those of individual defendants discoverable under the same rule." *Federal Rules of Criminal Procedure Amendments: Hearings on H.R. 6799 Before the Subcomm. on Criminal Justice of the House Comm. on the Judiciary*, 93d Cong., 2d Sess. 128, 171 (statement of John C. Keeney, Acting Assistant Attorney General). (June 20, 1975). In response, the advisory committee's note to Rule 16 cites the *Hughes* decision and then states that Rule 16(a)(1)(A) "makes clear that such statements are discoverable if the officer or employee was 'able legally to bind the defendant in respect to the activities involved in the charges.' " *Cf. State v. CECOS International, Inc.*, 38 Ohio St.3d 120, 526 N.E.2d 807 (1988) (noting that Fed.R.Crim.P. 16(a)(1)(A) effectively overruled *Hughes*).

The legislative history relating to the second sentence of the rule does not reveal congressional intent to limit discovery of statements by a corporate defendant to only grand jury testimony. Rather, the drafters added the second sentence to Rule 16(a)(1)(A) to address the concern that the grant of discovery of grand jury testimony to a defendant found in the first sentence of the rule would be used by corporate defendants to discover grand jury testimony of employees unable to legally bind the corporation.

In light of these factors, we hold that the word "defendant" in the first sentence of Rule 16(a)(1)(A) includes both individual and corporate defendants. The second sentence merely qualifies the first sentence and restricts discovery of statements to a corporate defendant consistent with the general policy of grand jury secrecy. Without this limitation on discovery of grand jury testimony, corporate defendants would be entitled to discovery of the grand jury testimony of all of its officers and employees rather than the two categories specified.

### CONCLUSION

For the reasons stated above, we deny the government's petition for writ of mandamus.